**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **ROBERT SMITH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:24-cv-00723-O** |
| | § | |
| **CENTRAL MUTUAL INSURANCE** | § | |
| **COMPANY, et al.** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

<u>**DEFENDANT CENTRAL MUTUAL INSURANCE COMPANY'S**</u>
<u>**MOTION TO STRIKE GARY TREIDER**</u>

Pursuant to FED. R. CIV. P. 26 and 37, FED. R. EVID. 702, *Daubert*, and Local Rules 7.1–7.3, Defendant Central Mutual Insurance Company ("Central Mutual") moves the Court to enter an order precluding Plaintiff's retained testifying expert, Gary Treider, from testifying for all purposes and from offering any expert opinions. In support thereof, Central Mutual shows the Court as follows:

<u>SUMMARY</u>

1.      This is an insurance coverage dispute arising out of Plaintiff's claim for a complete roof replacement due to purported hail damage occurring on or about April 28, 2021. Plaintiff designated Gary Treider as a retained testifying expert under Rule 26(a)(2)(B) to testify regarding the cause and extent of storm damage to Plaintiff's residential property that occurred on April 28, 2021, and whether the property's roof requires a full replacement.

2.      Central Mutual moves to exclude Gary Treider from testifying for all purposes because Plaintiff provided only a "preliminary report" from Treider which wholly fails to comply with Rule 26(a)(2)(B). Treider's report does not contain any supporting methodology for his

disclosed opinions in violation of Rule 26's requirement that expert reports include "a complete statement of all opinions the witness will express and the basis and reasons for them." Plaintiff's improper disclosure of his primary causation expert has significantly prejudiced, and will continue to prejudice, Central Mutual's ability to defend this litigation. For this reason alone, the Court should not permit Treider to testify in any capacity.

3.      Treider's deposition testimony—which only shows that Treider's testimony is conclusory *ipse dixit*—cannot cure the defects of his report. The Federal Rules do not allow Treider withhold his methodology from his report and attempt to disclose it for the first time at his deposition.

4.      Regardless, Treider's testimony failed to offer any explanation for his opinions and demonstrated that Treider had no discernable basis for any of his conclusions. Moreover, there is an analytical gap in Treider's opinions because the actual physical conditions of Plaintiff's property in no way resemble the results of his testing. Treider's failure to explain this discrepancy or offer any connection between the facts and his opinions whatsoever, renders his opinions unreliable and inadmissible.

5.      Treider's failure, whether in his report or otherwise, to address, acknowledge, or distinguish the various other potential causes of Plaintiff's claimed property damage also renders his opinions unreliable. This defect further demonstrates Treider has no reliable basis to segregate Plaintiff's damages resulting from hail on April 28, 2021, as opposed to any other cause.

<u>**PRAYER**</u>

**WHEREFORE**, Defendant Central Mutual Insurance Company respectfully moves this Court to exclude Gary Treider from testifying for all purposes and to preclude the admission of his testimony and opinions for any reason, whether in support of any motion, hearing, at trial, or otherwise. Central Mutual further moves this Court to grant it any such other and further relief, at law and in equity, as the Court deems just and right and to which Central Mutual proves itself entitled.

Respectfully submitted,

BY:    */s/ Clinton J. Wolbert*
Clinton J. Wolbert
State Bar No. 24103020
**PHELPS DUNBAR LLP**
910 Louisiana Street; Suite 4300
Houston, Texas 77002
Telephone: 713 626 1386
Facsimile: 713 626 1388
clinton.wolbert@phelps.com

William R. de los Santos
State Bar No. 24125762
**PHELPS DUNBAR LLP**
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092
Telephone: 817 488 3134
Facsimile: 817 488 3214
william.delossantos@phelps.com

**ATTORNEYS FOR DEFENDANT
CENTRAL MUTUAL INSURANCE
COMPANY**

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Clinton Wolbert, conferred with Plaintiff's Counsel, Clifford Nkeyasen, on January 27, 2025, regarding the substance and merits of this Motion. The parties were unable to reach an agreement because they disagreed as to whether the proposed expert satisfied Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 702. Therefore, this Motion is opposed and submitted to the Court for resolution.

*/s/ Clinton J. Wolbert*
Clinton J. Wolbert

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 27th day of January 2025 to the following in accordance with the Federal Rules of Civil Procedure:

Clifford K. Nkeyasen                      *Vía Email: clifford@coveragedenied.com*
**CLIFFORD K. NKEYASEN PLLC**
4310 N. Central Expy, Suite 103
Dallas, Texas 75206
[T]: 469-249-9271
***Attorneys for Plaintiff***

*/s/ Clinton J. Wolbert*
Clinton J. Wolbert