IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT SMITH<br>      Plaintiff,<br><br>v.<br><br>CENTRAL MUTUAL INSURANCE COMPANY, et al.<br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-CV-00723-O<br>JURY DEMANDED |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S PREMATURE MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, **ROBERT SMITH,** files this response to Defendant's premature Motion for Summary Judgment [Doc. 15] in this case and would respectfully show the Court as follows:

### INTRODUCTION

1. Defendant's motion for summary judgment is premature, groundless, and must be denied. To the extent Defendant seeks summary judgment based on "no-evidence" it must be denied as premature until the appraisal process is complete. Defendant admits the loss was worth $55,635.83. However, Plaintiff seeks $629,607.07 in covered benefits. Appraisal will resolve this material fact issue, not summary judgment.

2. Appraisal is an extra-judicial procedure to determine the amount of loss. *Texas Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, 561 S.W.3d 263, 275 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). Plaintiff invoked appraisal on August 27, 2024,

and Defendant identified its appraiser on September 16, 2024. The appraisal panel has not issued an award, thus it is premature to consider summary judgment as the amount of loss hasn't been resolved.

3. Moreover, Defendant's misapplication of the concurrent causation doctrine completely ignores Tex. Ins. Code § 554.002, which requires the insurer (not the insured) to prove any avoidance or affirmative defense. For the concurrent causation doctrine to be applicable, the two causes must concern the same event of loss. If a claim for "pre-existing" damage was made by itself, it would be excluded. But a claim for the hail damage is covered, and the fact that there was some minor deterioration would simply be resolved based on how the insurer agreed to handle depreciation. That property was damaged by something else at a different time or in a different way does not preclude coverage for damage resulting independently from the April 28, 2021, hail event.

4. Defendant's premature Motion for Summary Judgment [Doc. 15] must be denied.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that this Honorable Court deny Defendants' motion for summary judgment, and for all further relief, either at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**CLIFFORD K. NKEYASEN** PLLC
Attorneys + Counselors

4310 N. Central Expy, Suite 103
Dallas, TX 75206
Tel: (469) 249-9271
Fax: (469) 249-9113
service@coveragedenied.com

By:  */s/ Clifford Nkeyasen*
Clifford K. Nkeyasen
Texas Bar No: 24044876

**BOARD CERTIFIED**
Texas Board of Legal Specialization
INSURANCE LAW

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 27th day of January 2025, a true and correct copy of the above and foregoing has been served by:
☐certified mail, ☐ return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission, ☒ electronic transmission on the following counsel:

| | |
|---|---|
| Clinton J. Wolbert | William R. de los Santos |
| PHELPS DUNBAR LLP | PHELPS DUNBAR LLP |
| 910 Louisiana Street, Suite 4300 | 2102 E. State Hwy 114, Suite 207 |
| Houston, Texas 77002 | Southlake, Texas 76092 |
| Telephone: 713-626-1386 | Telephone: (817) 488-3134 |
| Facsimile: 713-626-1388 | Facsimile: (817) 488-3214 |
| | william.delossantos@phelps.com |

**ATTORNEYS FOR DEFENDANTS**

 */s/ Clifford Nkeyasen*
Clifford K. Nkeyasen