**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00723-O |
| | § | |
| **CENTRAL MUTUAL INSURANCE,** | § | |
| **COMPANY**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Strike Gary Treider (ECF No. 19), Brief in Support (ECF No. 20), and Appendix (ECF No. 21) that Defendant, Central Mutual Insurance Company ("Central"), filed on January 27, 2025; the Response (ECF No. 28), and Appendix (ECF No. 29), that Plaintiff, Robert Smith ("Smith"), filed on February 14, 2025; and Central's Reply (ECF No. 31) filed on February 25, 2025. United States District Judge Reed O'Connor referred the Motion and all related responses, replies, and briefs in support to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 25. After considering the Motion, the pleadings, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion.

**I.    BACKGROUND**

Smith alleges that a hailstorm that occurred on or about April 28, 2021, caused extensive damage to the roof of his home, and that as a result, a full roof replacement costing $629,607.07 is necessary. *See* ECF No. 28 at 3-5. To evaluate this claim, Smith's insurance carrier, Central, engaged an expert on May 9, 2022, who opined that a full roof replacement was not necessary. *See* ECF No. 20 at 7. In response, Smith retained an expert, Gary Treider, to inspect, investigate, and observe the physical loss that occurred to the roof. *See id.* at 4. Treider's report contains his weather

analysis and results of tests he conducted regarding the size and damage resulting from the alleged hailstorm and concludes that a full roof replacement is necessary. *See* ECF No. 21 at 8-20. Smith disclosed Treider's report under Federal Rule of Civil Procedure Rule 26(a)(2)(B). *See* ECF No. 19 at. 1.

Central moves to strike Treider's report because it allegedly "does not contain any supporting methodology for his disclosed opinions," nor does it explain why "the complete roof requires replacement rather than individual tile repairs," rendering the conclusion *ipse dixit*. *See* ECF Nos. 19 and 20 at 6. Smith responds that the allegation that "Treider provided no methodology… is inconsistent with the record," and that Treider's conclusions were based on an inspection of the property, review of the relevant documents including weather reports, and application of extensive experience. *See* ECF No. 28 at 8-10. Moreover, Smith argues that Treider's conclusions are not *ipse dixit* because they rely on the same evidence that Central's own expert used. *See id*. at 13. In its reply, Central argues that experience alone is insufficient to show the  methodology that Rule 26 requires and "no explanation whatsoever" support Treider's conclusions. *See* ECF No. 31 at 3, 8.

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The rule requires the court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

"Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

To determine the scientific validity or reliability of expert testimony, the Court considers five non-exclusive factors developed by the court in *Daubert*: (1) "whether [the theory or technique] can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) "the known or potential rate of error;" (4) "the existence and maintenance of standards controlling the [theory or] technique's operation;" and (5) whether the theory or technique has "general acceptance" within the scientific community. *Daubert*, 509 U.S. at 593-94; *see also Vargas v. Lee*, 317 F.3d 498, 500 (5th Cir. 2003). In evaluating these factors, the Court must focus on the reasoning or methodology underlying the expert testimony, not the ultimate conclusion. *See Daubert*, 509 U.S. at 594; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). At the most basic level, the *Daubert* factors act "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

The test of reliability is "a flexible one." *Kumho Tire*, 526 U.S. at 138; *Daubert*, 509 U.S. at 594. The Supreme Court has recognized the *Daubert* factors "may or may not be pertinent in

3

assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 150. A trial court has broad latitude to determine whether *Daubert*'s specific factors are, or are not, reasonable measures of an expert's reliability in a particular case. *See id.* at 152. Moreover, "the rejection of expert testimony is the exception rather than the rule." *See* Fed. R. Evid. 702, adv. comm. notes (2000). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citations and quotation marks omitted).

### III.   ANALYSIS

The Court previously has held that observations regarding the effects of hail indentations on roof panels in conjunction with professional experience are reliable for purposes of Rule 702. *See Irving v. Meridian Sec. Ins. Co.*, No. 4:21-cv-01341-O, 2023 WL 2068472, *4 (N.D. Tex. Jan. 4, 2023); *Arlington S. Hills, LLC v. Am. Ins. Co*., 51 F. Supp. 3d 681, 690 (N.D. Tex. Sept. 12, 2014). The undersigned likewise finds that Treider's report is relevant, satisfies the reliability requirements of Federal Rule of Evidence 702, and will aid the jury.

To prepare his report, Treider "inspected the property, reviewed relevant documents including weather reports and hail damage to other properties in the area, and applied his extensive experience in evaluating buildings for hail damage." ECF No. 28 at 9-10. As to the methodology Treider used, an expert's testimony may be reliable under *Daubert* where conclusions were based mainly on personal observations, professional experience, training, and education. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-247 (5th Cir. 2002) (citing *Kumho Tire Co.*, 526 U.S. at 156)

("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").

Central argues that experience alone may not serve as the sole justification for reliability, citing a case from this Court, *Bailon v. Landstar Ranger, Inc.*, No. 3:16-cv-1022-L, 2020 WL 7046852, *7 (N.D. Tex. Nov. 30, 2020). *See* ECF No. 31 at 3. However, the Court in that case also "acknowledges that [the expert] has investigated accidents …, but there is no indication that this *general* experience qualifies him as an expert on causation under these circumstances," when the expert involved "ha[d] not witnessed an accident like the one at issue…". *Id.* Treider's opinions here are not of the "general experience" that the Court rejected in *Bailon*. Based upon his review of historical weather reports, inspection of the property, and the results of tests he conducted after the incident in question, Treider concluded that "[t]he roof should be replaced due to hail damage…." *See* ECF No. 20 at 12. Treider relied on the information described and his experience when forming his opinion, which will aid the trier of fact to understand Smith's claim. Therefore, Treider's opinions are reliable and are based on an adequate methodology.

Central also moves to exclude Treider's report because it alleges that Treider's "opinions are unsupported *ipse dixit* without any coherent methodology connecting facts to his conclusions." *See* ECF No. 20 at 9. However, the remedy for such allegations is not to strike the expert. Rather, the "challenging party may attempt to discredit such testimony through '[v]igorous cross-examination [and] presentation of contrary evidence,' which are the 'appropriate means of attacking' disputed evidence relied upon by experts." *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-cv-00133-O, 2014 WL 3744976, *13 (N.D. Tex. July 30, 2014) (citing *Daubert*, 509 U.S. at 596); *see also see Pipitone*, 288 F.3d at 250 ("The fact finder is entitled to hear [the expert's] testimony and decide whether it should accept or reject the testimony after considering all factors that weigh on credibility, including whether the predicate facts on which

the expert] relied are accurate."); *Nova Consulting Grp., Inc. v. Eng'g Consulting Srvs., Ltd.*, 290 Fed. Appx. 727, 733 (5th Cir. 2008) (relying on the same *Daubert* quote and noting that it is not the role of the trial court to evaluate whether the facts underlying the expert's opinion are correct); *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."). As a result, the Court should deny Central's Motion to Strike Gary Treider (ECF No. 19).

**IV.    CONCLUSION**

Because the expert report of Gary Treider is relevant, reliable, and based on an adequate methodology, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendant Central Mutual Insurance Company's Motion to Strike Gary Treider. ECF No. 19.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 13, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE