UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00723-O** |
| | § | |
| **CENTRAL MUTUAL INSURANCE** | § | |
| **COMPANY, et al,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court are Defendant Central Mutual Insurance Company's Motion for Summary Judgment, Brief, and Appendix (ECF Nos. 15–17); Plaintiff's Response, Brief, and Appendix (ECF Nos. 22–24); and Defendant's Reply and Appendix (ECF No. 27). Having considered the parties' briefing and applicable law, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment.

## I.    BACKGROUND[1]

This case presents an insurance coverage dispute between a homeowner ("Plaintiff") and its insurer ("Defendant"). On April 28, 2021, Plaintiff's home (the "Property"), sustained damage as a result of a hail storm (the "Loss Event"). At the time of the Loss Event, the Property was covered under an insurance policy issued by Defendant, policy no. 3704125 (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

Plaintiff submitted a claim for coverage under the Policy for damages allegedly sustained as a result of the Loss Event. Within the back and forth between the parties, Defendant conducted

---

[1] The Court's recitation of facts is taken from the summary judgment briefing.

four inspections of the Property, relied on two field adjusters, an engineer, and a building consultant. Essentially, the parties dispute whether Plaintiff is entitled to replacement of the entire roof, or whether Plaintiff is only entitled to replacement of a limited number of roof tiles that Defendant contends were actually damaged on April 28, 2021.

Plaintiff filed suit and alleged two types of claims: one is based in *contract*, and the rest are "extra-contractual" claims for alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the common-law duty of good faith and fair dealing. Defendant moved for summary judgment. The parties have briefed the issues, and the Motion is ripe for review.

## II.    LEGAL STANDARD

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's extra-contractual claims under the Texas Insurance Code, the Texas DTPA, and common-law breach of duty of good faith and fair dealing, because Plaintiff has not shown that Defendant acted in bad faith during its processing of Plaintiff's insurance claim. Rather, Defendant argues, the evidence reflects only a bona fide coverage dispute, which necessarily bars the extra-contractual claims that involve elements of bad faith, malice, or similar ill-intent. Defendant also argues it is entitled to judgment on Plaintiff's breach of contract claim because Plaintiff has no evidence of breach and has failed to specify covered damage.

#### A. Breach of Duty of Good Faith & Fair Dealing

Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. National Cnty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987). A plaintiff may sue for a breach of this duty if its insurer denies or delays their claim without any reasonable basis for the denial or delay. *Id*. But under Texas law, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins.*, 801 F.3d 512, 526 (5th Cir. 2015) (cleaned up). This means that "[a]s long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins*, 103 F.3d 456, 459 (5th Cir. 1997) (citation omitted). In other words, a genuine dispute over the scope of insurance coverage is an inherently reasonable basis for denying coverage.

To carry its initial burden, Defendant points to record evidence that it believes establishes only a bona fide coverage dispute about the actual cost to repair the limited covered damage. In

support, Defendant argues that it relied in good faith on two field adjusters, an engineer, and a building consultant, all of which opine the damage to Plaintiff's roof is limited. Def.'s Br. Supp. Mot. Summ. J. 24, ECF No. 16.

Plaintiff contends the damage was more extensive such that he is entitled to a full roof replacement. Plaintiff asserts that instead of fairly adjusting his claim, Defendant conducted an "outcome-oriented" investigation, focusing on notes Defendant made to one of its adjusters. Pl.'s Br. Resp. 17, ECF No. 23. But Plaintiff does not explain why asking an adjuster to estimate damages related to portions of the roof Defendant believes to be damaged is outcome oriented. Defendant's evidence consistently represents that its investigation of Plaintiff's claim revealed only a portion of the roof needed replaced. *See* Def.'s Br. Supp. Mot. Summ. J. 24, ECF No. 16; Def.'s Mot. Summ. J. Ex. L, App. 113, ECF No. 15-13 (" . . . I am of the opinion that: Eleven roof tiles are damaged due to hail impact.").

Accordingly, there is a bona fide dispute over the portion of Plaintiff's roof that was damaged by hail during the Loss Event, and Plaintiff has otherwise failed to raise a genuine fact issue on his common-law bad faith claim. The Court therefore **GRANTS** Defendant's Motion with respect to Plaintiff's claim for common-law breach of duty of good faith and fair dealing.

## B. Violations of the Texas Insurance Code & Texas DTPA

Texas courts have recognized the close relationship between common-law bad-faith claims and the statutory bad-faith claims found in the Texas Insurance Code and DTPA. "Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham*, 103 F.3d at 460 (collecting cases); TEX. INS. CODE § 541.001 *et seq*. Stated otherwise, "[b]ecause the statutory and common law standards

4

are now the same, a finding that there is no common law violation as a matter of law also eliminates the statutory claims alleged by plaintiffs in this case." *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 579 (W.D. Tex. 1999).

Therefore, the Court's reasoning with respect to Plaintiff's common law claim of breach of duty of good faith and fair dealing applies to Plaintiff's statutory claims as well. Accordingly, Defendant's Motion is **GRANTED** as to Plaintiff's extra-contractual statutory claims.

### C. Breach of Contract and Prompt Payment

Defendant also seeks judgment as a matter of law on Plaintiff's breach of contract and Prompt Payment claims. Resolution of the Prompt Payment claim depends on the disposition of the breach of contract claim. And the dispute over that claim at this phase of the case depends on the adequacy of Plaintiff's expert witnesses, which Defendant challenges.

Plaintiff has designated, among others, Gary Treider ("Treider") as an expert witness. In his report, Treider explains his understanding of different types of hail, roofing material, and the results of his investigation of the weather on the date of the Loss Event. He provides that this information, as applied to the damage he observed to Plaintiff's roof, led him to conclude that the tiles that he believed were damaged were damaged on April 28, 2021.

Defendant challenges the adequacy and use of Treider's opinions. First, it contends his expert report is insufficient and therefore should be stricken. Def.'s Br. Supp. Mot. Summ. J. 17, ECF No. 16; Def.'s Mot. Strike Gary Treider 1–2, ECF No. 19. After considering the applicable briefing on this issue, as well as Magistrate Judge Ray's Findings, Conclusions, and Recommendation ("FCR") (ECF No. 32), Defendant's objections are overruled for the reasons articulated in the FCR. Treider's opinion will therefore be considered.

Next, Defendant argues Treider's supplemental opinions, following his deposition, contradict the testimony he gave and therefore should not be considered in opposition to its Motion. "Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are 'so markedly inconsistent' with a prior statement as to 'constitute an obvious sham.'" *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019). Not every discrepancy however constitutes a sham, and the doctrine only applies to statements that directly contradict testimony. *Id*. After reviewing the disputed statements, the Court is not convinced the sham affidavit doctrine applies to Treider's testimony. Any inconsistency should be addressed by cross examination. *Id*.

Based on the foregoing, there is a fact issue as to what portion of the roof, if any, should be replaced and that issue should be decided by the trier of fact.[2]

### IV.    CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. Plaintiff's statutory claims under the Texas Insurance Code and the DTPA and Plaintiff's common-law claim for breach of duty of good faith and fair dealing are **DISMISSED with prejudice**. The remaining claims for trial are Plaintiff's breach of contract and Prompt Payment claims.

**SO ORDERED** on this **22nd day** of **April, 2025.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the breach of contract claim remains, so does Plaintiff's Prompt Payment claim.